1   Kevin D. Smith (State Bar No. 113633)
2   Demetra L. Edwards (State Bar No. 239498)
    Emil A. Macasinag (State Bar No. 256953)
3   **Wood, Smith, Henning & Berman LLP**
    10960 Wilshire Blvd., 18th Fl.
    Los Angeles, CA 90024
4   Phone: 310-481-7617 ♦ Fax 310-481-7650

5   Attorneys for Defendant BRIT UW LIMITED (erroneously sued and served as
6   CERTAIN UNDERWRITERS AT LLOYD'S, LONDON)

7

8

9                   **UNITED STATES DISTRICT COURT**

10      **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

11

12  MICHAEL POPOVSKY; ELAINE          | Case No.
    POPOVSKY,
13                                    | Complaint filed: February 27, 2015
              Plaintiffs,
14                                    | Superior Court Case No.: BC573942
         v.
15                                    | **DEFENDANT BRIT UW**
    CERTAIN UNDERWRITERS AT           | **LIMITED'S NOTICE OF**
16  LLOYD'S, LONDON; DOES 1-100,      | **REMOVAL TO FEDERAL COURT;**
                                      | **DECLARATION OF DEMETRA L.**
17            Defendants.             | **EDWARDS**

18

19  **TO THE CLERK FOR THE UNITED STATES DISTRICT COURT FOR**

20  **THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION,**

21  **AND TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

22          **PLEASE TAKE NOTICE** that based on the following allegations,

23  Defendant BRIT UW LIMITED (erroneously sued and served as CERTAIN

24  UNDERWRITERS AT LLOYD'S, LONDON) hereby removes the above-

25  referenced action from the Superior Court of the State of California, County of Los

26  Angeles, to the United States District Court for the Central District of California –

27  Western Division, pursuant to 28 U.S.C. §§ 1332 and 1441 (based on diversity of

28  citizenship jurisdiction).

LEGAL:10318-0075/4455844.1                    -1-                            Case No.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE: 619-849-4900 ♦ FAX 619-849-4950

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

## I.     TIMELINESS OF REMOVAL

a.     BRIT UW LIMITED (erroneously sued and served as CERTAIN UNDERWRITERS AT LLOYD'S, LONDON), a foreign Company, is a Defendant in Los Angeles Superior Court Case No., BC 573942, an action commenced by Plaintiffs MICHAEL POPOVSKY and ELAINE POPOVSKY, California residents. The Complaint in this action was filed on February 27, 2015, and purports to assert causes of action for 1) Breach of Contract and 2) Breach of Implied Covenant of Good Faith and Fair Dealing.

b.     Service of the Complaint provided the first notice to Defendant that there is a diversity of citizenship and that Plaintiffs seek damages in excess of $75,000. Defendant received the Complaint on April 6, 2015. Thus, Defendant has timely filed this notice of removal, because it is filed within thirty (30) days of receipt of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, pursuant to 28 U.S.C. § 1446(b).

c.     In compliance with 28 U.S.C. § 1446(a), attached hereto are true and correct copies of the Summons, Complaint, Notice of Case Assignment, and Instructions for Handling Unlimited Civil Cases (collectively **Exhibit 1** to the Declaration of Demetra L. Edwards), directed to Defendant, which are the only process, pleadings, and orders served upon Defendant in this action.

## II.     DIVERSITY JURISDICTION

The Complaint, and each alleged cause of action contained therein, may be removed on the basis of diversity of citizenship jurisdiction, in that it is a civil action where the matter in controversy exceeds the sum of $75,000, exclusive of costs, and the matter is between citizens of different states. 28 U.S.C. § 1332.

## III.     PLAINTIFF'S CITIZENSHIP

Plaintiffs are citizens of the State of California, within the meaning of 28 U.S.C. § 1332(a), as they reside and are domiciled at 976 Bel Air Rd., Los Angeles, California. (See **Exhibit 1**, The Complaint, page 2, para. 4.)

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

**IV.   DEFENDANTS' CITIZENSHIP**

Defendant BRIT UW LIMITED (erroneously sued and served as CERTAIN UNDERWRITERS AT LLOYD'S, LONDON), or otherwise known as Certain Underwriters at Lloyd's of London subscribing to policy no. D13062013003 (the policy at issue in the instant case), is now, and was at the time of the filing of this action, a citizen of a State other than California within the meaning of 28 U.S.C. § 1332(c)(1), because it is a business entity, specifically a single insurance syndicate, organized under the laws of the United Kingdom, with its principal place of business in London, England of the United Kingdom.  Specifically, BRIT UW LIMITED was the subscribing "member" or "name" of the single insuring syndicate and is not a citizen of the State of California.

The presence of DOE defendants in this case has no bearing on diversity with respect to removal.  See, 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded").

**V.   AMOUNT IN CONTROVERSY**

While Defendant denies liability as to Plaintiffs' claims, the amount in controversy requirement is satisfied because the Complaint alleges general and special damages in an amount exceeding $250,000.  (See **Exhibit 1**, The Complaint, page 4, lines: 20-22.)

**VI.   NOTICE TO STATE COURT**

A true and correct copy of this Notice of Removal will be promptly served on the Plaintiffs and filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, as required by law.

**VII.   CONCLUSION**

Because this action involves citizens of different states, and the amount in controversy exceeds $75,000, the requirements for removal under 28 U.S.C.

1 §§1332(a) and 1441(a) are satisfied and this Court has original jurisdiction.

2      WHEREFORE, Defendant BRIT UW LIMITED prays that the above action

3 now pending before the Superior Court of the State of California for the County of

4 Los Angeles be removed to this Court.

5

6 DATED:  May 5, 2015       WOOD, SMITH, HENNING & BERMAN LLP

7

8

9           By:    /s/ Emil A. Macasinag

10               KEVIN D. SMITH

              DEMETRA L. EDWARDS

11               EMIL A. MACASINAG

12          Attorneys for Defendant BRIT UW LIMITED

         (erroneously sued and served as CERTAIN

13          UNDERWRITERS AT LLOYD'S, LONDON)

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

## DECLARATION OF DEMETRA L. EDWARDS

I, Demetra L. Edwards, declare as follows:

1.     I am an attorney at law duly admitted to practice before the courts of the State of California. I am a partner with WOOD, SMITH, HENNING & BERMAN LLP, attorneys of record for Defendant BRIT UW LIMITED (erroneously sued and served as CERTAIN UNDERWRITERS AT LLOYD'S, LONDON). I know the following facts to be true of my own knowledge, and if called to testify, I could competently do so.

2.     This Declaration is made in support of Defendant's Notice of Removal to Federal Court.

3.     If called as a witness, I would and could competently testify thereto to all facts within my personal knowledge except where stated upon information and belief

4.     Attached hereto as **Exhibit 1** is a true and correct copy of the Summons, Complaint, Notice of Case Assignment, and Instructions for Handling Unlimited Civil Cases filed by Plaintiffs MICHAEL POPOVSKY and ELAINE POPOVSKY. These are the only process, pleadings, and orders served upon Defendant in this action to date.

5.     The Complaint was received on April 6, 2015, as noted on the face of the Complaint (See **Exhibit 1**.) Thus, Defendant has timely filed this notice of removal, because it is filed within thirty (30) days of receipt of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, pursuant to 28 U.S.C. § 1446(b).

6.     The concurrent service of the Summons and Complaint provided the first notice to Defendant that the case was removable.

7.     Defendant BRIT UW LIMITED (erroneously sued and served as CERTAIN UNDERWRITERS AT LLOYD'S, LONDON), or otherwise known as Certain Underwriters at Lloyd's of London subscribing to policy no. D13062013003 (the

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ◆ FAX 619-849-4950

1   policy at issue in the instance case), is now, and was at the time of the filing of this

2   action, a citizen of a State other than California within the meaning of 28 U.S.C. §

3   1332(c)(1), because it is a business entity, specifically a single insurance syndicate,

4   organized under the laws of the United Kingdom, with its principal place of business

5   in London, England of the United Kingdom.  Specifically, BRIT UW LIMITED was

6   the subscribing "member" or "name" of the single insuring syndicate and is not a

7   citizen of the State of California.

8       I declare under penalty of perjury under the laws of the United States of

9   America that the foregoing is true and correct.

10      Executed May 5, 2015, at Los Angeles, California.

11

12      _____

13      Demetra L. Edwards

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

**EXHIBIT "1"**

STATE OF CALIFORNIA

Dave Jones, *Insurance Commissioner*

## DEPARTMENT OF INSURANCE

300 Capitol Mall, Suite 1700
Sacramento, CA 95814
Ron F. Reyna
Senior Legal Typist
TEL: 916-492-3291
FAX: 916-324-1883
E-Mail:reynar@insurance.ca.gov



April 8, 2015

Certain Underwriters at Lloyd's of London
One Lime Street
London, EC 3M 7HA  UK

      RE:    *Michael Popovsky; Elaine Popovsky vs. Certain Underwriters at Lloyd's London; DOES 1-100*
                 **(SOP-2013-00005)**

Dear Sir/Madam:

Enclosed please find the Summons and Complaint from Robert Gentino w/Law Office of Robert Gentino filed February, 27th 2015, regarding the above referenced matter.

Best regards,

Ron F. Reyna-Senior Legal Typist
California Department of Insurance
Legal Division/Government Law Bureau
300 Capitol Mall, Suite 1700
Sacramento, CA 95814

Enc.

*Rec'd 4/6/15 (CC)*
*# 26.00 oct 11:03 am*

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:** Certain Underwriters at Lloyd's,
*(AVISO AL DEMANDADO):* London; Does 1-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

FEB 27 2015

Sherri R. Carter, Executive Officer/Clerk
By: Kristina Vargas, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:** Michael Popovsky;
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* Elaine Popovsky

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER:
*(Número del):* **BC 573942**

Stanely Mosk Courthouse
111 N. Hill St.

Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Sherri Matta  SBN 275418          818-509-7272
Law Office of Robert Gentino
3330 Cahuenga Blvd. W #303
Los Angeles, CA 90068

DATE:                    SHERRI R. CARTER    Clerk, by _____, Deputy
*(Fecha)*                                    *(Secretario)*                                    *(Adjunto)*

Kristina Vargas

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

FEB 27 2015

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* CERTAIN UNDERWRITERS AT LLOYD'S LONDON

   under:  [ ] CCP 416.10 (corporation)         [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
           [X] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)

Case Number _____

BC 573942

#### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below. There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Kevin C. Brazile | 1 | 534 | Hon. Mitchell L. Beckloff | 51 | 511 |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Terry A. Green | 14 | 300 | Hon. Steven J. Kleifield | 53 | 513 |
| Hon. Richard Fruin | 15 | 307 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Rita Miller | 16 | 306 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Michael Johnson | 56 | 514 |
| Hon. Stephanie Bowick | 19 | 311 | Hon Rolf M. Treu | 58 | 516 |
| Hon Dalila Corral Lyons | 20 | 310 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Mark Mooney | 68 | 617 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. William F. Fahey | 69 | 621 |
| Hon. Barbara Scheper | 30 | 400 | Hon. Suzanne G. Bruguera | 71 | 729 |
| Hon. Samantha Jessner | 31 | 407 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Rafael Ongkeko | 73 | 733 |
| Hon. Michael P. Linfield | 34 | 408 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Gregory Alarcon | 36 | 410 | | | |
| Hon. Marc Marmaro | 37 | 413 | | | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | | |
| Hon. Elizabeth Feffer | 39 | 415 | | | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | | | |
| Hon. Holly E. Kendig | 42 | 416 | | | |
| Hon. Mel Red Recana | 45 | 529 | | | |
| Hon. Frederick C. Shaller | 46 | 500 | **Hon. Emilie H. Elias** | **324** | **CCW** |
| Hon. Debre Katz Weintraub | 47 | 507 | **\*Provisionally Complex Non-Class Action Cases** | | |
| Hon. Elizabeth Allen White | 48 | 506 | Assignment is Pending Complex Determination | 324 | CCW |
| Hon. Deirdre Hill | 49 | 509 | | | |
| Hon. John L. Segal | 50 | 508 | | | |

**\*Complex**
All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on          FEB 2 7 2015    SHERRI R. CARTER, Executive Officer/Clerk

By _____ Kristina Vargas _____, Deputy Clerk

LACIV CCH 190 (Rev05/14)                NOTICE OF CASE ASSIGNMENT –                Page 1 of 2
LASC Approved 05-06
For Optional Use                         UNLIMITED CIVIL CASE

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Three Rules were effective January 1, 1994.  They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts.  These matters may be heard and resolved at this conference.  At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

LACIV CCH 190 (Rev05/14)
LASC Approved  05-06
For Optional Use

**NOTICE OF CASE ASSIGNMENT –**

**UNLIMITED CIVIL CASE**

Page 2 of 2

*Rec'd 4/6/15 @*
*$26.00 11:03 am*

1 | ROBERT GENTINO, SB# 93808
SHERRI MATTA, SB# 275418
2 | ALEXANDRA SAMOFALOVA, SB#295617
LAW OFFICE OF ROBERT GENTINO
3 | 3330 Cahuenga Blvd. West #303
Los Angeles, California 90068
4 | 818.509.7272

5 | Attorney for Plaintiffs
6 | Michael Popovsky and Elaine Popovsky

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

FEB 27 2015

Sherri R. Carter, Executive Officer/Clerk
By: Kristina Vargas, Deputy

7

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **COUNTY OF LOS ANGELES**

10

11 | MICHAEL POPOVSKY;
ELAINE POPOVSKY
12

Plaintiffs
13 |         v.

14 | CERTAIN UNDERWRITERS AT
LLOYD'S, LONDON; DOES 1-100
15

16 |         Defendants.

17

) #    **BC 5 7 3 9 4 2**
)
)
)    COMPLAINT
)    1. BREACH OF CONTRACT
)    2. BREACH OF IMPLIED COVENANT
)       OF GOOD FAITH AND FAIR DEALING
)
)
)
)
)
)

18 | **FIRST CAUSE OF ACTION**

19 | (breach of contract against all Defendants)

20 | 1.     Defendant Certain Underwriters at Lloyd's London is, and at all relevant times was, a

21 | foreign insurance company doing business in Los Angeles, California.

22 | 2.     Doe Defendants 1 through 100 are persons whose true names and capacities are unknown to

23 | Plaintiffs, and are therefore sued by fictitious names. Each of the Doe Defendants are believed to be

24 | in some manner responsible for the transactions and events referenced in this pleading and

25 | proximately caused foreseeable damages to Plaintiffs as alleged.

26 | 3.     At all relevant times, each defendant was the agent, servant, employee, partner, or joint

27 | venture of the other defendants and acted within the scope of its agency, service, employment,

28 | partnership, or joint venture.

- 1 -
COMPLAINT

1    4.      Plaintiffs Michael Popovsky and Elaine Popovsky ("Popovskys") who own and reside at

2    976 Bel Air Rd., Los Angeles in their three-story house ("Property").

3    5.      From October 2013 to the present, in return for substantial premiums, Defendant, through

4    agent Roger Wolf, sold Plaintiffs a written homeowners' insurance policy ("Policy") which

5    provided "all risk" coverage to the Property including, among other things, water damage to the

6    Property subject only to limited exclusions specifically defined by the Policy.

7    6.      Beginning at night in late February 2014, Popovskys woke up to water pouring in through

8    their bedroom ceiling on their home's second floor. While substantial rain continued for the next

9    several days, water continued to penetrate the house, through the ceilings, floors and walls of all

10   three stories causing substantial damage to the entire home, especially the master bedroom which

11   has been unusable ever since ("February Damage").

12   7.      Popovskys immediately notified Defendant of the damage by contacting Mr. Wolf who

13   advised the Popovskys that Defendants' insurance adjuster would schedule a visit.

14   8.      In early March 2014, Defendant's insurance adjuster Mark Murrell, estimator and project

15   manager Robert Sandler, and a forensic engineer visited the Property to conduct visual inspections

16   only, without any testing.

17   9.      Based on Mr. Sandler's recommendations, Popovskys removed carpet and ceilings in two

18   bedrooms, and in the master-bedroom's closet and bathroom to mitigate against further

19   deterioration and development of mold.

20   10.     Defendant's insurance adjuster advised the Popovskys that he received the engineer's report

21   on April 1, 2014 and would issue his report to Defendant the following day.

22   11.     Having heard no response and received no further instructions from Defendant or their

23   agents, on June 23, 2014, almost four months after the February Damage, Popovskys' counsel

24   Sherri Matta emailed a letter to Defendant's insurance adjusters demanding that Defendant respond

25   to Popovskys' insurance claim.

26   12.     On June 25, 2014, Defendant's adjuster Syngery Adjusting Corporation denied Popovskys'

27   claim because Defendant "deemed" that water damage to the Property was caused by "the

28   combined result of surface water runoff and roof drainage" excluded under the policy.

13.      Popovskys conducted their own independent investigation that included testing of the drainage systems and determined that the drainage systems worked, as intended, preventing accumulated surface water from entering the Property; testing also revealed that water entered through the walls causing penetration consistent with the February Damage in a manner not excluded by any Policy provision for which coverage applies.

14.      In January 2015, Ms. Matta again emailed Defendant's adjuster requesting that Defendant reconsider their denial of coverage and inviting Defendant to conduct their own tests.

15.      On February 5, 2015, Syngery Adjusting Corporation Popovskys rejected Popovskys' offer to conduct further testing, reiterating the denial of the Popovskys' insurance claim, but stating that the Popovskys' letter and requests were forwarded directly to Defendant. Popovskys have received no further correspondence from Defendant or its agents.

16.      At all relevant times, Popovskys performed all their obligations under the Policy including by paying all their premiums and giving Defendant timely notice of the loss.

17.      By their unreasonable delay in responding to and by denying Popovskys' claim for the February Damage, Defendant breached the Policy.

18.      Popovskys have and continue to suffer substantial damages proximately caused by Defendant's breach including by depriving them of the benefits of insurance proceeds due under the Policy, preventing the Popovskys from repairing the damage, depriving Popovskys' of use and benefit of substantial portions of their Property, and generating unpleasant or intolerable living conditions in the usable portions of the Property since the February Damage.

## SECOND CAUSE OF ACTION

(breach of implied covenant of good faith and fair dealing against all Defendants)

19.      Plaintiffs incorporate paragraphs 1-18.

20.      Based on their relation, Defendants owed Popovskys a duty not to unreasonably withhold benefits due to them under the Policy.

21.      Defendants breached their implied duty of good faith and fair dealing by intentionally, unreasonably, and in bad faith:

- 3 -
COMPLAINT

a.  Failing to conduct an adequate investigation into the cause of the February Damage;

b.  Dilatory conduct in handling and responding to the claim;

c.  Engaging in Deceptive practices to avoid paying the claim;

d.  Failing to objectively evaluate the claim;

e.  Improperly denying the claim without proper cause; and

f.  Failing and refusing to conduct further investigation after Popovskys presented new evidence indicating that the February Damage was covered by the Policy.

22.    Popovskys have and continue to suffer substantial damages proximately caused by Defendant's breach including by depriving them of the benefits of insurance proceeds due under the Policy, preventing the Popovskys from repairing the damage, depriving Popovskys' of use and benefit of substantial portions of their Property, and generating unpleasant or intolerable living conditions in the usable portions of the Property since the February Damage.

23.    Defendants' unreasonable and bad faith conduct has been a substantial factor in causing Popovskys to suffer substantial mental anguish and emotional distress, incur costs to mitigate further Property damage, and attorney fees to compel Defendants' payment of Policy benefits.

24.    Defendants' fraudulent, oppressive, and malicious acts entitle Plaintiffs to exemplary damages.

THUS, Plaintiffs pray for:

1.  General and special damages, including emotional distress, discomfort, and mental anguish in an amount exceeding $250,000.

2.  Attorney fees and costs.

3.  Punitive damages.

4.  Prejudgment interest.

5.  Such other relief as this Court deems just.

_____

Robert Gentino

- 4 -
COMPLAINT

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action.  My business address is 10960 Wilshire Boulevard, 18th Floor, Los Angeles, CA 90024-3804.

On May 5, 2015, I served the following document(s) described as **DEFENDANT BRIT UW LIMITED'S NOTICE OF REMOVAL TO FEDERAL COURT; DECLARATION OF DEMETRA L. EDWARDS** on the interested parties in this action as follows:

Robert Gentino, Esq.
Sherri Matta, Esq.
Alexandra Samofalova, Esq.
Law Office of Robert Gentino
3330 Cahuenga Blvd. West #303
Los Angeles, CA 90068
Attorneys for Plaintiffs Michael Popovsky and Elaine Popovsky

**BY MAIL:**  I placed true copies of the foregoing document(s) enclosed in sealed envelopes addressed as shown on the Service List.  I am "readily familiar" with Wood, Smith, Henning & Berman's practice for collecting and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business.  Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 5, 2015, at Los Angeles, California.

Valerie Phillips

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950